UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11439 FMO (GJSx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Shouthouse Apparel, Inc., et al. v. Travelers Indemnity Company of Connecticut | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:  Attorney Present for Defendants:
None Present  None Present

**Proceedings:** (In Chambers) Order Re: Motion to Remand

On September 2, 2020, Shouthouse Apparel, Inc. ("Shouthouse") and Knot Sisters, Inc. ("Knot") (collectively, "plaintiffs"), filed a complaint ("Complaint") in the Los Angeles County Superior Court ("state court") against The Travelers Indemnity Company of Connecticut ("defendant"). (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-2, Exh. A, Complaint). Plaintiff filed a First Amended Complaint ("FAC") on November 24, 2020, asserting the following claims: (1) breach of contract; and (2) tortious breach of the implied covenant of good faith and fair dealing. (See Dkt. 1, NOR at ¶ 1); (Dkt. 1-3, Exh. B, FAC at ¶¶ 36-49).

Plaintiffs' claims for breach of contract and tortious breach of the implied covenant of good faith and fair dealing arise from defendant's alleged wrongful failure to pay benefits under an insurance policy issued by defendant. (See Dkt. 1-3, Exh. B, FAC at ¶¶ 36-49). Plaintiffs allege that as a result of the COVID-19 pandemic and associated shutdown orders issued by various government authorities, they have suffered "actual loss of business income in addition to incurring extra expenses during the period of restoration, all of which were covered under Plaintiffs' Business and Extra Expense insurance purchased from" defendant. (See Dkt. 1-3, Exh. B, FAC at ¶¶ 1, 14-17, 27); (see also id., Exh. A, Policy). With respect to their breach of contract claim, (Dkt. 1-3, Exh. B, FAC at ¶¶ 36-42), plaintiffs allege that they have suffered "damages in the form of lost insurance benefits, attorney's fees, as well as general and incidental damages[,]" and that they have "incurred, and continue to incur, economic losses." (Id. at ¶¶ 40-41). With respect to their breach of the implied covenant of good faith and fair dealing claim, (id. at ¶¶ 43-49), plaintiffs further allege that they "will suffer and continue to suffer pecuniary damaged under the contract of insurance . . . as well as attorney's fees[.]" (Id. at ¶ 47). Among other things, plaintiffs seek "[d]amages for contract on the Policy[;]" "special damages for breach of contract[;]" "general damages for breach of the implied covenant of good faith and fair dealing[;]" punitive damages, and attorney's fees. (See id. at Prayer for Relief).

Defendant removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. (See Dkt. 1, NOR at ¶ 11). On December 29, 2020, plaintiffs filed a Motion for Remand. (Dkt. 16, "Motion"). Having reviewed the pleadings and the briefing filed with respect to plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11439 FMO (GJSx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Shouthouse Apparel, Inc., et al. v. Travelers Indemnity Company of Connecticut | | |

Motion, the court concludes that oral argument is not necessary to resolve the Motion.[1]  See Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts."  Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33, 123 S.Ct. 366, 370 (2002); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[2]  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## DISCUSSION

Plaintiffs contend that defendant has not shown that the amount in controversy exceeds the jurisdictional threshold of $75,000.  (See Dkt. 16, Motion at 5-7).  The court disagrees.  First, contrary to plaintiffs' contention, (see Dkt. 16, Motion at 6) ("Defendants' policy has a $150,000 limit on Business Income and Extra Expense Coverage[.]"), the policy provides Business Income and Extra Expense coverage subject to a combined limit of $300,000, based on projected gross sales of $4 million.  (See Dkt. 1-3, Exh. A, Policy at ECF 262); (Dkt. 18, Defendant's Memorandum of Points and Authorities in Opposition [ ] ("Opp.") at 5); (Dkt. 18-1, Exh. 1, Endorsement at 162).

---

[1] Plaintiff did not file a reply in support of their Motion.  (See, generally, Dkt.).

[2] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11439 FMO (GJSx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | Shouthouse Apparel, Inc., et al. v. Travelers Indemnity Company of Connecticut | | |

Plaintiffs also contend that the policy's "50% coinsurance requirement" means, hypothetically, that if their revenues were as large as $5 million, they could recover as little as six percent of their loss from defendant. (See Dkt. 16, Motion at 6). However, contrary to plaintiffs' contention, the coinsurance requirement is based upon net income, rather than gross sales, (see Dkt. 1-3, Exh. A, Policy at ECF 233-34), and here, the amount covered would be the full amount of the loss, not six percent. (See Dkt. 18, Opp. at 8).

Plaintiffs also contend that defendant improperly based the amount in controversy on the "false assumption . . . that the allegation in Plaintiffs' FAC that Plaintiffs suffered a business interruption loss commencing in March 2020 means that Plaintiffs lost all business income instead of some business income commencing in March 2020[]" and that "[t]here is no allegation that even suggests that Plaintiffs claim to have lost all income commencing in March 2020." (Dkt. 16, Motion at 5). Defendant, however, makes no such contention.³ (See, generally, Dkt. 18, Opp.); (Dkt. 1, NOR at ¶¶ 17-22).

In any event, based on information plaintiffs provided to defendant in connection with the policy's issuance and renewal, defendant has shown that the amount in controversy exceeds $75,000. (See Dkt. 1, NOR at ¶ 17); (Dkt. 18, Opp. at 4-9). For instance, on March 25, 2020, shortly after plaintiffs reported their loss to defendant, plaintiffs asked defendant to reduce the "Business Income" limit of insurance from $300,000 to $100,000, and informed defendant that plaintiffs' projected annual gross sales were expected to drop from $4 million to $1 million, (see Dkt. 18, Opp. at 5); (Dkt. 18-3, Exh. 3, March 25, 2020, Email from Kevin O'Connor to Defendant at 171), because "the COVID 19 response ha[d] drastically impacted [plaintiffs'] income and [plaintiffs were] anticipating only accruing [$1 million in] revenue as they . . . lost large shipments inbound along with their retailers all shutting doors." (Dkt. 18-4, Exh. 4, March 27, 2020, Email from Kevin O'Connor to Defendant at 173). Thus, plaintiffs anticipated that their annual gross sales would decrease by $3 million and that their annual business income would fall $200,000 short of expectations, (see Dkt. 18, Opp. at 6), and places the amount in controversy well above $75,000.⁴

---

³ While plaintiffs contend that the Civil Authority coverage is limited to a maximum of 30 days, (see Dkt. 16, Motion at 6), there is no such limit on the Business Income and Extra Expense coverage. (See, generally, Dkt. 1-3, Exh. A, Policy at ECF 227-28); (Dkt. 18, Opp. at 8 n. 8).

⁴ Plaintiffs also contend that since their counsel has "prepared and filed [only] two documents, the Complaint and the closely related FAC[, t]he only reasonable inference based on the evidence before the Court is that the attorney'[s] fee claim was de minimis at the time of Defendants' removal filing." (Dkt. 16, Motion at 6). However, attorney's fees are not limited to those incurred at the time of removal. See Fritsch v Swift Transportation Company of Arizona, LLC, 899 F.3d 785, 794 (9th Cir. 2018) ("[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."). Given the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-11439 FMO (GJSx) | Date | February 17, 2021 |
|---|---|---|---|
| Title | **Shouthouse Apparel, Inc., et al. v. Travelers Indemnity Company of Connecticut** | | |

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that plaintiffs' Motion for Remand **(Document No. 16)** is **denied**.

Initials of Preparer     vdr

---

court's conclusion, the court need not address plaintiff's additional contentions.